IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REGINALD CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| ATA RETAIL SERVICES, INC., | ) | |
| and DONNA HART, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **COMPLAINT**

COMES NOW Reginald Carroll ("Carroll" or "Plaintiff") and through the undersigned counsel of record, files this Complaint against ATA Retail Services, Inc. and Donna Hart (respectively "ATA" and "Hart;" collectively "Defendants") showing the Court as follows:

## **JURISDICTION AND VENUE**

1.

This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII") and violations of the Fair labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA")  to recover

for (1) discrimination based on sex in violation of Title VII; (2) retaliation for asserting rights and engaging in conduct provided for and protected under Title VII; (3) to recover federally mandated straight time wages owed to Plaintiff and liquidated damages in an amount equal to those unpaid wages; and (4) reasonable attorneys' fees and costs. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff also invokes this Court's pendent jurisdiction to hear Plaintiff's state law claims.

2.

Venue in this district and division is proper under 28 U.S.C. § 1391, as Defendants are located in the Northern District of Georgia, Atlanta Division, and the unlawful discriminatory and retaliatory conduct complained of herein occurred in this district and division.

3.

All conditions precedent to jurisdiction under Title VII have either occurred or been complied with; specifically, Defendant ATA meets the statutory definition of an "employer," and Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The Notice of Right to Sue for Plaintiff's Charge of Discrimination was issued by the EEOC on December

18, 2013.  A true and correct copy of the Notice is attached hereto as **Exhibit A**. Plaintiff has brought suit within 90 days of receipt of his Notice of Right to Sue.

4.

Defendant ATA is an employer as defined by 29 U.S.C. § 203(d), is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s), and is a qualified and licensed organization in Georgia that is entitled to do business in Georgia.

## PARTIES

5.

Plaintiff is an African American male and citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

Defendant ATA is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District and Division.

7.

Defendant Hart is an individual resident of the State of Georgia and at all times relevant hereto was an "ATL Supervisor" for ATA.

8.

By agreement of the parties, Defendant ATA may be served with process by delivering a copy of the summons and complaint to Mari L. Myer, Esq., The Myer Law Firm, 118 East Maple Street, Decatur, Georgia 30030.

## FACTUAL ALLEGATIONS

9.

ATA is a for-profit California corporation, licensed to do business in Georgia, operating as a retail organization that focuses on impulse merchandising. ATA supplies over 9,000 customer retail stores in forty-eight states and Canada, and employs a substantial workforce of full-time and part-time employees. ATA has employed more than fifteen employees for each working day in at least twenty weeks in each and every calendar year that is relevant to this action.

10.

Plaintiff applied for a position with ATA in early January 2013 and was interviewed by Defendant Hart on or around January 8, 2013 at a Kroger grocery store that was one of the many retail locations in the Atlanta area serviced by ATA employees supervised by Ms. Hart.

11.

Plaintiff was hired by Ms. Hart on or around January 10, 2013 and worked as a Merchandiser for ATA, under the direct supervision of Ms. Hart, until he was

4

constructively discharged on or around April 24, 2013. Plaintiff's duties required him to service customers – principally grocery store chains – by driving to retail locations and setting-up and maintaining product displays within the stores.

12.

During his employment with ATA, Plaintiff interacted almost exclusively with Ms. Hart, with the exception of occasional meetings with Ms. Hart which also included other Merchandisers working under Ms. Hart's supervision.

13.

Excluding Ms. Hart, and due to the business structure of ATA, Plaintiff never met another member of ATA management. ATA, which does not maintain any physical office in Georgia, operates through the use of merchandisers, supervisors, and regional managers.

14.

Throughout the term of his employment with ATA, Plaintiff was subjected to severe and pervasive harassment by Ms. Hart. Among other things, Ms. Hart sexually harassed Mr. Carroll by repeatedly stating that she wanted to have sex with him, saying that she had a particularly acute interest in having sex with Black men because they possess greater sexual prowess, referring to him as "Mr. Hottie," dancing in front of him in a "striptease" fashion, rubbing her buttocks and breasts

5

against him, calling and emailing him late at night, and otherwise making flagrant attempts to garner a sexual response. At no time did Mr. Carroll indicated that he had any reciprocal interest in Ms. Hart and he repeatedly told her that he was not interested in her sexually and that he objected to her sexual actions toward him.

15.

Accompanying her sexual harassment, Ms. Hart also repeatedly threatened Mr. Carroll. She informed him that her sister was a police officer and knew a lot of people that could "make someone's life difficult," that she herself had connections with "the Russians," that she had "Senate contacts" that could "look into people," and that he better not report her behavior to ATA or he would "regret it." Ms. Hart also repeatedly mocked Mr. Carroll, sarcastically asking him "who are you going to tell?"

16.

In mid-March of 2013, Ms. Hart's sexually harassing behavior escalated to the point where she would show up almost daily at nearly every store Mr. Carroll was scheduled to service – for no business reason – and sexually harass Mr. Carroll as he attempted to perform his job duties.

17.

Frustrated with Ms. Hart's actions, and unable to perform his job duties while Ms. Hart was continuously attempting to engage him sexually, Mr. Carroll took up the practice of searching customers' parking lots for Ms. Hart's car before going in to service the store. This practice met with limited success.

18.

In addition to creating a hostile work environment through her constant sexual harassment, Ms. Hart also engaged in quid pro quo sexual harassment of Mr. Carroll.

19.

In mid-February, 2013, ATA adopted a new procedure through which Merchandisers reported the hours that they worked. This procedure called for Merchandisers to report the majority of their hours as "target time," and bill the remainder of their work as "miscellaneous" hours. Despite his repeated requests, Ms. Hart refused to explain the new system to Mr. Carroll.

20.

Instead, Ms. Hart told Mr. Carroll that he should report his hours to her, and if he had sex with her she would see that he was paid for his reported hours as well additional hours as a "reward." However, because he refused to have a sexual

relationship with her, Ms. Hart refused to properly submit Mr. Carroll's earned miscellaneous hours to ATA.

21.

Moreover, when Mr. Carroll entered his own miscellaneous hours, Ms. Hart would not approve his timesheets, predictably resulting in Mr. Carroll not being properly paid.

22.

In or around March, 2013, Mr. Carroll asked Ms. Hart if he could be assigned more customers to service so that he could earn more pay. Ms. Hart informed Mr. Carroll that a route – consisting of several retail establishments – was available and that she would forgo interviewing for the position and assign the route to him if he would have sex with her.

23.

Mr. Carroll refused to have sex with Ms. Hart and therefore was not given, nor even considered, for the available route.

24.

On or around April 24, 2013, unable to tolerate the severe and pervasive sexual harassment by Ms. Hart, and understandably intimidated by the threats she had made against him, Mr. Carroll resigned his employment with ATA.

25.

However, even after Ms. Hart's conduct forced Mr. Carroll to resign, she continued sexually harassing him through late night emails and phone calls. These emails also contained threats against Mr. Carroll's safety and well-being in an attempt to prevent him from reporting Ms. Hart's conduct to ATA.

## CLAIMS FOR RELIEF

### COUNT ONE
### HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

26.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

27.

Throughout the entire period of Mr. Carroll's employment with ATA, he was subjected to a sexually hostile work environment through the severe and pervasive sexually harassing conduct of his supervisor Donna Hart. Among other things, Ms. Hart verbally and physically sexually harassed Mr. Carroll through her comments, attempts to rub her body against his, and by stalking him as he attempted to perform his job duties. By Ms. Hart's conduct, which materially affected the terms and conditions of Mr. Carroll's employment with ATA,

Defendants have violated Title VII, 42 U.S.C. § 2000e *et seq*. These acts of illegal discrimination entitle Plaintiff to all appropriate relief provided under the statute.

28.

As a direct and proximate result of Defendants' unlawful discriminatory conduct, committed in derogation of his federally protected rights, Plaintiff has suffered lost wages and benefits of employment in an amount to be determined at trial.

29.

As a direct and proximate result of Defendants' intentional and unlawful conduct, committed in derogation of his federally protected rights, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

## COUNT TWO
## QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OT TITLE VII

30.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

31.

During his employment with ATA, his supervisor Donna Hart subjected Plaintiff to quid pro quo sexual harassment. Among other things, Ms. Hart

promised Plaintiff higher pay if he would engage in sexual acts with her, and when

he refused, Ms. Hart refused to properly pay Plaintiff for all the hours he worked in

service of ATA. Additionally, Ms. Hart offered to grant Plaintiff's request to be

assigned to service additional customers if he would engage in sexual acts with

her, and when Plaintiff refused, Ms. Hart refused to even consider assigning him to

service these customers. As such, Defendants have violated Title VII, 42 U.S.C. §

2000e *et seq.*, thus entitling Plaintiff to all appropriate relief provided under the

statute.

32.

As a direct and proximate result of Defendants' unlawful discriminatory

conduct, committed in derogation of his federally protected rights, Plaintiff has

suffered lost wages and benefits of employment in an amount to be determined at

trial.

33.

As a direct and proximate result of Defendants' intentional and unlawful

conduct, committed in derogation of his federally protected rights, Plaintiff has

suffered and continues to suffer emotional pain and suffering, mental anguish,

humiliation, loss of enjoyment of life, embarrassment, damage to his reputation,

and other past and future pecuniary losses.

## COUNT THREE
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF TITLE VII

34.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35.

During the course of his employment with ATA, Plaintiff's supervisor Donna Hart regularly and repeatedly sexually harassed him, attempting to garner sexual favors from Plaintiff. When Plaintiff refused Ms. Hart's sexual advances, she retaliated against him by, among other things, refusing to properly pay Plaintiff for all hours he worked in service of ATA and refusing to consider his reasonable request to be assigned additional customers to service.

36.

As a direct and proximate result of Defendants' unlawful discriminatory conduct, committed in derogation of his federally protected rights, Plaintiff has suffered lost wages and benefits of employment in an amount to be determined at trial.

37.

As a direct and proximate result of Defendants' intentional and unlawful conduct, committed in derogation of his federally protected rights, Plaintiff has

suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

## COUT FOUR
## FAILURE TO PAY PLAINTIFF FOR ALL HOURS WORKED IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

### 39.

During the course of his employment with ATA, Defendants intentionally and willfully failed to pay Plaintiff for all hours he worked in violation of the FLSA by, among other things, refusing to properly enter Plaintiff's work hours, and deleting some of Plaintiff's hours when he entered them himself.

### 40.

Defendants have not made a good faith effort to comply with the FLSA and in fact have willfully chosen not to comply with the FLSA.

### 41.

Defendant Donna Hart was responsible for recording and approving Plaintiff's hours worked in service to ATA and caused Defendants' failure to pay Plaintiff according to the requirements of the FLSA.

42.

As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages in the form of unpaid wages. Pursuant to the FLSA, Plaintiff bring this suit to recover the amount of his unpaid wages, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and any other damages to which Plaintiff is entitled by law.

## COUNT FIVE
## BATTERY

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

By repeatedly rubbing her buttocks and breasts against Plaintiff in a harmful and offensive manner, Defendant Donna Hart has battered Plaintiff in violation of the laws of the State of Georgia.

45.

Defendants are liable for all general and special damages proximately resulting from each battery of Plaintiff.

## COUNT SIX
## PUNITIVE DAMAGES

### 46.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

### 47.

Defendants' actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression, and complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

## ATTORNEY'S FEES

### 58.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

### 59.

Plaintiff is entitled to an award of attorneys' fees and expenses of litigation on each and every cause of action alleged herein, because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

1) General damages for mental and emotional suffering caused by Defendants' misconduct in an amount to be determined at trial;

2) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts in an amount to be determined at trial;

3) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon in an amount to be determined at trial;

4) Damages for Plaintiff's unpaid wages pursuant to 29 U.S.C. §§ 206(d) and 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, court costs, expert witness fees, and reasonable attorney's fees as provided under 29 U.S.C. § 216 and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted, in an amount to be determined at trial but in no event less than $3,000.00;

5) Reasonable attorney's fees and expenses of litigation;

6) Trial by jury as to all issues;

7) Prejudgment interest at the rate allowed by law;

8) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

9)  All other relief to which Plaintiff may be entitled.


Respectfully submitted this 13th day of March, 2014.

> Molden & Holley, LLC
>
> /s/ Regina Sledge Molden
> Regina Sledge Molden
> Georgia Bar No. 515454
> Alexander MacInnes
> Georgia Bar No. 106163
> Peachtree Center – Harris Tower
> Suite 1245
> 233 Peachtree Street NE
> Atlanta, Georgia 30303
> Telephone:  404-324-4500
> Facsimile:   404-324-4501
> Email: rmolden@moldenholley.com
>          amacinnes@moldenholley.com
>
> *Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Regina Sledge Molden
Regina Sledge Molden
Georgia Bar No. 515454

**<u>Exhibit A</u>**

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Reginald J. Carroll<br>1000 Cascade Rd., Apt. B<br>Atlanta, GA 30311 | From:  Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL. (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-04742 | J. Jones,<br>Federal Investigator | (404) 562-6903 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Bernice  Williams-Kimbrough,
District Director

DEC 1 8 2013

*(Date Mailed)*

cc:   Mari L. Myer, Esq.
THE MYER LAW FIRM
118 East Maple Street
Decatur, GA 30030